UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CUBIST PHARMACEUTICALS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>KBACE TECHNOLOGY, INC. )<br>)<br>Defendant. )<br>) | Civil Action No. _____<br><br>04-11313 RCL<br>MAGISTRATE JUDGE _____ |

## COMPLAINT

Plaintiff, Cubist Pharmaceuticals, Inc. ("Cubist"), brings this action against Defendant, KBACE Technology, Inc. ("KBACE"), for breach of contract, unjust enrichment, negligent misrepresentation, violation of the Lanham Act, 15 U.S.C. § 1114 and 1125, and unfair and deceptive trade practices in violation of M.G.L. ch. 93A, and alleges as follows:

### PARTIES

1.  Plaintiff Cubist is a Delaware corporation with a principal place of business at 65 Hayden Avenue, Lexington, Massachusetts.

2.  Upon information and belief, defendant KBACE is a Nevada corporation with a principal place of business at 6 Trafalgar Square, Nashua, New Hampshire.

### JURISDICTION AND VENUE

3.  Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1332 as the parties are diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1367.

RECEIPT # _____
AMOUNT $ 150 —
SUMMONS ISSUED ___/___
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 6-14-04

4. This Court has personal jurisdiction over KBACE because KBACE has sufficient contacts within this state to satisfy minimum contact requirements because, among other things, many of the acts complained of occurred in Massachusetts.

5. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391.

## FACTS

### *The Agreement Between Cubist and KBACE*

6. Cubist Pharmaceuticals, Inc. is a publicly traded biopharmaceutical company with over 200 employees. Among other things, Cubist develops drugs for the treatment of patients with serious or life-threatening infections. For example, Cubist received approval in September 2004 from the U.S. Food and Drug Administration for the product CUBICIN®, an antibiotic approved for the treatment of complicated skin and skin structure infections.

7. Cubist is a growing company that has increased the number of its employees in the last few years. Cubist has gradually added personnel in clinical development, quality assurance and control, regulatory affairs, manufacturing, medical affairs, and marketing. In the second half of 2003, Cubist built a commercial infrastructure, in part, by adding a sales force, thus continuing its evolution into a fully integrated biopharmaceutical company.

8. In early 2003, and in connection with its anticipated growth, Cubist sought to improve the software used in the Cubist Human Resources ("HR") Department. Cubist specifically focused on improving software related to the Oracle® Advanced Benefits ("OAB"), Paid Time Off ("PTO"), and HR Self Service systems to accommodate the human resource needs of its increasing number of employees.

9. Since at least 2003, KBACE has held itself out as a leading Oracle Human Resource Management Systems ("HRMS") consultant.

10. According to a website controlled by KBACE, "KBACE Technologies is a proven leader in Oracle® HRMS and Financials consulting and ERP Reporting. For over four years, we have set the standard for installations, upgrades, and services related to Oracle® Applications for clients ranging from Fortune 1000 to Internet start-up companies."

11. KBACE also represents that it has "unsurpassed expertise" and that it offers experience "in every type of project implementation: Initial implementation, Re-implementation, or Upgrades .... We specialize in HR, Payroll, Advanced Benefits, Financials, OTM, OTA, Self-Service, Workflow, WebDB, and Business Intelligence."

12. Michael Peterson ("M. Peterson") has been KBACE's President and Chief Operating Officer at all times relevant hereto.

13. In February 2003, Cubist sought KBACE's assistance to develop software for Cubist's Oracle HRMS.

14. On or about February 18, 2003, KBACE's M. Peterson represented to Cubist by email that "We operate on a 100% guarantee that you will be satisfied or no charge." A true and accurate copy of the email is attached as Exhibit 1.

15. Cubist relied upon, *inter alia*, KBACE's representations about its expertise in implementing Oracle HRMS and KBACE's 100% satisfaction guarantee in electing to retain KBACE to develop software for Cubist's HRMS.

16. Cubist and KBACE entered a Master Services Agreement with an effective date of April 1, 2003. In connection with the Master Services Agreement, Cubist and KBACE executed two Statements of Work ("SOW") (collectively the "Agreement").

17. Under Section 1 of the Master Services Agreement, KBACE agreed to perform services "in a workmanlike and professional manner consistent with industry standards."

18. Pursuant to Section 3(c) of the Master Services Agreement, KBACE warranted and represented that "all services will be performed in a timely, expert and professional manner in accordance with the highest standards of performance in its industry."

19. Under Section 10 of the Master Services Agreement, KBACE indemnified Cubist "from and against, any and all losses, costs, expenses, liabilities and damages of every kind and nature (including, without limitation, reasonable attorney fees) incurred by Cubist (together, "Claims") arising from ... (ii) [KBACE's] breach of any representation, warranty, or obligation hereunder...."

20. Under Section 14 of the Master Services Agreement, KBACE warranted to Cubist that the work product, results, data and information generated in the course of performing services under the Agreement (the "Data") would function according to all available specifications.

21. Under Section 14 of the Master Services Agreement, KBACE further warranted to Cubist that KBACE shall use commercially reasonable efforts to promptly correct any errors in the Data.

22. Under section 14 of the Master Services Agreement, KBACE agreed that if it could not fix errors or defects in the Data within a reasonable period of time, as determined by Cubist, then Cubist shall be entitled to a full refund of all payments under the Agreement.

23. Under SOW No. 1, KBACE agreed, *inter alia*, to implement for Cubist's Human Resources Department various "Oracle Advanced Benefits System and HR Self Service and Paid Time Off (PTO) systems." KBACE was to complete the work under SOW No. 1 by January 31, 2004.

*KBACE Failed to Staff the Work for Cubist Adequately*

24. After it started work under the Agreement, KBACE repeatedly changed staffing on the Cubist project. KBACE staffers responsible for Cubist's HRMS project included Bruce Weeks, Neal Kimball, Harsh Mirchandandi, Luce Peterson ("L.Peterson"), Debbie Hirbour, Dina Macchia, Henry Kryszpin and David Zajac.

25. For example, on or about May 31, 2003, KBACE removed Kimball from the project and replaced him with L. Peterson. At or about the time of that change, and in response to Cubist concerns about the disruption caused by staffing upheaval, KBACE's M. Peterson represented in an email to Cubist that L.Peterson was a "different caliber" of talent than Kimball, and that KBACE would never "downgrade the talent."

26. Notwithstanding that representation, about two months later, KBACE reversed the prior staffing change, removed L. Peterson and re-assigned Kimball.

27. KBACE's repeated staffing changes disrupted and slowed the work on Cubist's project, negatively affected the work performed for Cubist and resulted in performance by KBACE that was not in a workmanlike and professional manner consistent with industry standards.

*KBACE Failed to Perform under the Agreement*

28. In about September 2003, Cubist identified a greater than thirty percent (30%) error rate in the performance of the Data that KBACE had supplied.

29. After identifying the errors, Kelly Schmitz and Anthony Murabito of Cubist met with M. Peterson in September 2003.

30. At that September 2003 meeting, Cubist agreed with KBACE's proposal that Cubist would install an upgrade to its Oracle software.

31. Cubist agreed to begin to install the upgrade to its Oracle software in October 2003 and to complete the installation by December 31, 2003.

32. The installation required more than 200 hours of work by Cubist employees, and Cubist timely completed the installation.

33. Oracle has confirmed that Cubist properly installed the upgrade, but the Data KBACE provided still did not work properly after the upgrade.

34. On or about January 23, 2004, after KBACE's Hirbour, L. Peterson and Kimball had tried for six months to perform the "benefits configuration," KBACE informed Cubist that the work was not complete.

35. KBACE's work under the Agreement was not still completed by January 31, 2004.

36. On or about March 3, 2004, at a meeting at Cubist's offices, KBACE's M. Peterson represented that he was "disgusted" with the KBACE team, disgusted with the deliverables to date and disgusted with himself and that he had no excuses or explanations to offer Cubist.

37. On or about March 25, 2004, Cubist's tests showed that KBACE's software failed eighty percent or more of the tests that KBACE had represented it had passed.

38. On or about March 26, 2004, Cubist conferred with KBACE to discuss KBACE's failure to deliver working software. Cubist proposed meeting with KBACE staff every Monday to assign tasks and every Friday to evaluate the performance of the assigned tasks. KBACE agreed to this proposal.

39. Thereafter in an email dated Sunday, March 28, 2004, M. Peterson informed Cubist that "it is in the best interest of both KBACE and Cubist to terminate our professional relationship."

40. KBACE has performed no work under the Agreement since that email.

41. KBACE has not completed the work under the Agreement.

42. KBACE has failed to provide Data that functions according to all available specifications.

43. KBACE has failed to use commercially reasonable efforts to promptly correct any errors in the Data.

44. In April 2004, Cubist retained Oracle to determine to what extent the Data supplied by KBACE could be salvaged.

45. After reviewing the work done under the Agreement, Oracle prepared a report for Cubist.

46. In its report, Oracle concluded that the Data was largely not functional and that KBACE failed to complete nearly all work under the Agreement.

47. Oracle estimated that completion of the work under the Agreement would require at least 1080 hours of time from Oracle programmers and/or consultants.

***KBACE's Unauthorized Use of Cubist's Trademark and Name***

48. Cubist has at all times relevant hereto owned Federal Trademark Registration No. 2,125,875 for the mark CUBIST. The CUBIST registration is valid and incontestable, and Cubist has developed valuable good will in the CUBIST mark.

49. KBACE's web site at http://www.kbace.com lists "Select KBACE Customers." As of at least May 21, 2004, KBACE's website listed "Cubist Pharmaceuticals, Inc." as a "Select KBACE Customer." A true and accurate screen shot of this web page is attached as Exhibit 2.

50. Without permission from Cubist, KBACE has used the CUBIST mark and "Cubist Pharmaceuticals, Inc." name on its web site to promote KBACE's service.

51. The use of CUBIST and/or "Cubist Pharmaceuticals, Inc." on KBACE's website is likely to cause confusion, to cause mistake or to deceive as to the source, sponsorship, affiliation or approval of KBACE's services.

52. Use of the CUBIST mark and/or "Cubist Pharmaceuticals Inc." also violates Section 11 of the Master Services Agreement, which provides in part that "Neither Party shall use the name of the other party for promotion or any other purposes without the prior written consent of the other party...."

## COUNT I
### (Breach of Contract)

53. Cubist repeats and realleges paragraphs 1 through 52 of the Complaint as if fully set forth herein.

54. Cubist and KBACE were parties to the Agreement.

55. KBACE breached the Agreement and its contractual obligations to Cubist by, *inter alia*, (a) failing to provide services under the Agreement in a workmanlike and professional manner consistent with industry standards (b) failing to perform in the time required by the Agreement; (c) failing to provide Data that would function according to all specifications; (d) failing to provide all services under the Agreement; (e) failing to fix errors and defects in the Data within a reasonable time; (f) failing to provide to Cubist the refund to which it is entitled; and (g) using Cubist's name in promotional material without Cubist's written consent.

56. Cubist has been damaged as a result of KBACE's breach of the Agreement.

## COUNT II
## (Unjust Enrichment)

57. Cubist repeats and realleges paragraphs 1 through 56 of the Complaint as if fully set forth herein.

58. KBACE has been unjustly enriched by failing to deliver goods and/or services for which Cubist paid KBACE.

59. Cubist has been damaged as a result of KBACE's unjust enrichment.

## COUNT III
## (Negligent Misrepresentation)

60. Cubist repeats and realleges paragraphs 1 through 59 of the Complaint as if fully set forth herein.

61. KBACE represented that it was an expert in implementing Oracle HRMS software, that it would supply competent programming personnel on the project and would deliver fully functional Data to Cubist.

62. Upon information and belief, KBACE knew or should have known these representations were false and/or KBACE failed to exercise due care when it made them to induce Cubist to enter into the Agreement.

63. Cubist relied on KBACE's representations.

64. Cubist has been damaged as a direct and proximate result of KBACE's negligent misrepresentations.

## COUNT IV
## (Violation of 15 U.S.C. §§ 1114 and 1125)

65. Cubist repeats and realleges paragraphs 1 through 64 of the Complaint as if fully set forth herein.

66. Without authority, KBACE has used Cubist's registered trademark CUBIST in commerce in such a way as to be likely to confuse, to cause mistake, or to deceive as to the source, origin, sponsorship or approval of KBACE's goods or services.

67. Cubist has been damaged as a result of KBACE's trademark infringement and unfair competition.

### COUNT V
### (Unfair or Deceptive Trade Practices, Violation of M.G.L. c. 93A, §§ 2 and 11)

68. Cubist repeats and realleges paragraphs 1 through 67 of the Complaint as if fully set forth herein.

69. KBACE was engaged in trade or commerce within the meaning of Mass. Gen. Laws ch. 93A.

70. By virtue of the foregoing, KBACE has committed unfair or deceptive trade practices by, *inter alia*, inducing Cubist to enter into the Agreement based on false representations and misusing Cubist's name in its promotional material.

71. Cubist has been damaged as a result of KBACE's unfair or deceptive trade practices.

WHEREFORE, Cubist requests relief against KBACE as follows:

(i) Judgment in favor of Cubist and against KBACE on all counts of this Complaint;

(ii) Damages to Cubist as are appropriate, including actual, special, incidental, consequential, expectation, restitution and reliance damages, plus interest;

(iii) An award to Cubist of its costs, attorneys' fees, and expenses;

(iv) Treble damages pursuant to M.G.L. ch. 93A;

(v) A permanent injunction enjoining KBACE from using Cubist's name for any purpose without written authority from Cubist; and

(vi) An award to Cubist of all such other or further relief as is just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

CUBIST PHARMACEUTICALS, INC.

By its attorneys,

*/s/ Christine K. Bush*

Christine K. Bush (BBO#635381)
Duffy Sweeney & Scott, LTD
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
Telephone 401-455-0700

Of Counsel:
Timothy J. Douros (BBO# 630638)
William D. DeVaul (BBO# 633897)
Cubist Pharmaceuticals, Inc.
65 Hayden Avenue
Lexington, Massachusetts 02421
Telephone 781-860-8660

Dated: June ___, 2004

○JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Cubist Pharmaceuticals, Inc.

**DEFENDANTS**
KBACE Technology, Inc.

(b) County of Residence of First Listed Plaintiff **Middlesex (MA)**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Hillsborough (NH)**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Christine K. Bush, Esq.
Duffy Sweeney & Scott, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903   (401) 455-0700

Attorneys (If Known)
**04-11313 RCL**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Plaintiff brings this action pursuant to 28 U.S.C. § 1332 for breach of contract, unjust enrichment, negligent misrepresentation and violation of M.G.L. ch. 93A

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE ____
DOCKET NUMBER ____
None

DATE: June 14, 2004
SIGNATURE OF ATTORNEY OF RECORD: /s/ Christine Bush

**FOR OFFICE USE ONLY**

RECEIPT # ____   AMOUN ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Cubist Pharmaceuticals, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

   **04-11313 RCL**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __None__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐    NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☐    NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☐    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☒    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐    NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Christine K. Bush, Esq.__
ADDRESS __Duffy Sweeney & Scott, LTD, One Turks Head Place, Suite 1200, Providence, RI 02903__
TELEPHONE NO. __(401) 455-0700__

(Coversheetlocal.wpd - 10/17/02)