UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL ACTION NO.:
04-11313-RCL

CUBIST PHARMACEUTICALS, INC.

    Plaintiff/Defendant-in-Counterclaim

v.

KBACE TECHNOLOGY, INC.,

    Defendant/Plaintiff-in-Counterclaim

## ANSWER OF DEFENDANT, KBACE TECHNOLOGY, INC. TO PLAINTIFF'S COMPLAINT

### PARTIES

1. Defendant, KBACE Technologies, Inc. ("KBACE") is without sufficient information to admit or deny the allegations of Paragraph 1 of the Complaint.

2. KBACE admits the allegations at paragraph 2 of the Complaint except that its true name is "KBACE Technologies, Inc.".

### JURISDCITION AND VENUE

3. Paragraph 3 states a legal conclusion to which not response is required. To the extent a response is required, KBACE is without sufficient information to either admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Paragraph 4 states a legal conclusion to which not response is required. To the extent a response is required, KBACE is without sufficient information to either admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Paragraph 5 states a legal conclusion to which not response is required. To the extent a response is required, KBACE is without sufficient information to either admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint.

## **FACTS**

6. KBACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. KBACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and therefore, denies the same.

8. KBACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and therefore, denies the same.

9. KBACE admits the allegations at paragraph 9 of the Complaint.

10. KBACE admits the allegations at paragraph 10 of the Complaint.

11. KBACE admits the allegations at paragraph 11 of the Complaint.

12. KBACE admits the allegations at paragraph 12 of the Complaint.

13. KBACE admits the allegation that Cubist sought KBACE's assistance but denies the allegation that the assistance was to "develop software" as alleged in paragraph 13. KBACE otherwise denies the allegations of Paragraph 13 of the Complaint.

14. KBACE admits that Michael Peterson of KBACE had an exchange of email communications on February 18, 2003, the content of which speak for themselves. KBACE otherwise denies the allegations of Paragraph 14.

15. KBACE denies the allegations contained in Paragraph 15 of the Complaint.

16. KBACE admits that Cubist and KBACE entered into a Master Services Agreement and two Statements of Work which documents as to their written terms speak for themselves. The interpretation and information of said documents is a matter for a court and/or jury to determine. KBACE denies the remaining allegations of Paragraph 16.

17. KBACE admits that Cubist and KBACE entered into a Master Services Agreement and two Statements of Work which documents as to their written terms speak for themselves. The interpretation and information of said documents is a matter for a court and/or jury to determine. KBACE denies the remaining allegations of Paragraph 17.

18. KBACE admits that Cubist and KBACE entered into a Master Services Agreement and two Statements of Work which documents as to their written terms speak for themselves. The interpretation and information of said documents is a matter for a court and/or jury to determine. KBACE denies the remaining allegations of Paragraph 18.

19. KBACE admits that Cubist and KBACE entered into a Master Services Agreement and two Statements of Work which documents as to their written terms speak for themselves. The interpretation and information of said documents is a matter for a court and/or jury to determine. KBACE denies the remaining allegations of Paragraph 19.

20. KBACE admits that Cubist and KBACE entered into a Master Services Agreement and two Statements of Work which documents as to their written terms speak for themselves. The

interpretation and information of said documents is a matter for a court and/or jury to determine. KBACE denies the remaining allegations of Paragraph 20.

21. KBACE admits that Cubist and KBACE entered into a Master Services Agreement and two Statements of Work which documents as to their written terms speak for themselves. The interpretation and information of said documents is a matter for a court and/or jury to determine. KBACE denies the remaining allegations of Paragraph 21.

22. KBACE admits that Cubist and KBACE entered into a Master Services Agreement and two Statements of Work which documents as to their written terms speak for themselves. The interpretation and information of said documents is a matter for a court and/or jury to determine. KBACE denies the remaining allegations of Paragraph 22.

23. KBACE admits that Cubist and KBACE entered into a Master Services Agreement and two Statements of Work which documents as to their written terms speak for themselves. The interpretation and information of said documents is a matter for a court and/or jury to determine. KBACE denies the remaining allegations of Paragraph 23.

24. KBACE denies the allegations at paragraph 24 of the Complaint.

25. KBACE admits that L. Peterson was brought in to assist on the Project. KBACE admits that Michael Peterson had an email exchange with Lisa Dickey on or about May 31, 2003 the content of which speak for themselves. KBACE otherwise denies the allegations of Paragraph 25.

26. KBACE denies the allegations of Paragraph 26 of the Complaint.

27. KBACE denies the allegations at paragraph 27 of the Complaint.

28. KBACE denies the allegation of Paragraph 28 of the Complaint.

29. KBACE admits that a meeting took place in September, 2003 which included the individuals identified in Paragraph 29. KBACE otherwise denies the allegations of Paragraph 29 of the complaint.

30. KBACE admits the allegations at Paragraph 30 of the Complaint.

31. KBACE admits to the allegation that Cubist agreed to begin the install upgrade to its Oracle Software in October 2003. KBACE denies the remaining allegations of Paragraph 31.

32. KBACE denies the allegations of Paragraph 32.

33. KBACE denies the allegations of Paragraph 33.

34. KBACE denies the allegations of Paragraph 34

35. KBACE denies the allegations of Paragraph 35.

36. KBACE denies the allegations of Paragraph 36.

37. KBACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the complaint, and therefore, denies the same.

38. KBACE denies the allegations of Paragraph 38.

39. KBACE admits that M. Peterson sent an email to Cubist on March 28, 2003 the content of which speaks for itself. KBACE denies the remaining allegations of Paragraph 39.

40. KBACE admits the allegations at paragraph 40 of the Complaint.

41. KBACE denies the allegations at paragraph 41 of the Complaint.

42. KBACE denies the allegations at paragraph 42 of the Complaint.

43. KBACE denies the allegations at paragraph 43 of the Complaint.

44. KBACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint.

45. KBACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46. KBACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 465 of the Complaint.

47. KBACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint.

48. BACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint.

49. KBACE admits the allegations at paragraph 49 of the Complaint, but states that the reference to Cubist has been removed from the KBACE website.

50. KBACE denies the allegations contained in Paragraph 50.

51. KBACE denies the allegations contained in Paragraph 51 of the Complaint.

52. KBACE denies the allegations contained in Paragraph 52.

## COUNT I
### (Breach of Contract)

53. KBACE repeats and incorporates herein by reference its responses to Paragraphs 1-52, above.

54. KBACE admits the allegations contained in Paragraph 54 of the Complaint.

55. KBACE denies the allegations contained in Paragraph 55 of the Complaint.

56. KBACE denies the allegations contained in Paragraph 55 of the Complaint.

## COUNT II
### (Unjust Enrichment)

57. KBACE repeats and incorporates herein by reference its responses to Paragraphs 1-56, above.

58. KBACE denies the allegations contained in Paragraph 58 of the Complaint.

59. KBACE denies the allegations contained in Paragraph 59 of the Complaint.

## COUNT III
### (Negligent Misrepresentation)

60. KBACE repeats and incorporates herein by reference its responses to Paragraphs 1-59, above.

61. KBACE denies the allegations contained in Paragraph 61 of the Complaint.

62. KBACE denies the allegations contained in Paragraph 62 of the Complaint.

63. KBACE denies the allegations contained in Paragraph 63 of the Complaint.

64. KBACE denies the allegations contained in Paragraph 64 of the Complaint.

## COUNT IV
### (Violation of 15 U.S.C. §§ 114 and 115)

65. KBACE repeats and incorporates herein by reference its responses to Paragraphs 1-64, above.

66. KBACE denies the allegations contained in Paragraph 66 of the Complaint.

67. KBACE denies the allegations contained in Paragraph 67 of the Complaint. s

## COUNT V
### (Unfair or Deceptive Trade Practices, Violation of M.G.L. c. 93A, §§ 2 and 11)

68. KBACE repeats and incorporates herein by reference its responses to Paragraphs 1-56, above.

69. Paragraph 69 states a legal conclusion to which no response is required.

70. KBACE denies the allegations contained in Paragraph 70 of the Complaint.

71. KBACE denies the allegations contained in Paragraph 71 of the complaint.

## AFFIRMATIVE DEFENSES

Pursuant to Fed. R. Civ. P. 8(c) each defendant asserts the following affirmative defenses with respect to the plaintiff's claims against it:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its alleged damages.

### THIRD AFFIRMATIVE DEFENSE

Some or all of the damages sought by plaintiff are not recoverable.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred under the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's contract claims fail for lack of or failure of consideration.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims of misrepresentation and/or fraud must fail because there was not reasonable reliance by plaintiff upon any alleged representation(s) made by the defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims of misrepresentation and/or fraud must fail because there was no detrimental reliance on any alleged representations made by the defendant.

### EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred by the applicable statutes of limitations and/or the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

The defendant acted at all times in good faith with respect to the plaintiff.

### TENTH AFFIRMATIVE DEFENSE

The plaintiff's allegations of misrepresentation and/or fraud are not made with particularity as required by Fed. R. Civ. P. 9(b) and the plaintiff's claims should therefore be dismissed.

### ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrine of waiver, estoppel and/or unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

The plaintiff breached its implied covenant of good faith and fair dealing inherent in its contract with the defendant and therefore the plaintiff is barred from recovery.

### THIRTEENTH AFFIRMATIVE DEFENSE

The damages and/or loss complained of were caused in whole or in part by a third party for whom defendant is not legally responsible.

### FOURTEENTH AFFIRMATIVE DEFENSE

There is an insufficiency of process and/or an insufficiency of service of process and the complaint should be dismissed.

### FIFTEENTH FFIRMATIVE DEFENSE

This court lacks personal jurisdiction over the defendant and the action should be dismissed.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has filed this action in an improper venue and the claim should be dismissed.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The injuries complained of were caused by the superceding and intervening actions of a third party for whom the defendant is not legally responsible.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The plaintiff has failed to comply with the terms and conditions of the contract(s) with Defendant and this claim is not yet ripe for adjudication.

### NINETEENTH AFFIRMATIVE DEFENSE

The plaintiff's claims are wholly, insubstantial, frivolous and not advanced in good faith and the court should award to the defendant all appropriate costs, interests and attorney's fees as provided in M.G.L. c. 231 §6F.

### TWENTIETH AFFIRMATIVE DEFENSE

The defendant's conduct was at all relevant times privileged and/or justified.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The plaintiff was comparatively negligent and its negligence claims must be reduced or barred in accordance with the provisions of Mass. Gen. Laws ch 231 §85.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrine of impossibility.

### COUNTERCLAIM OF KBACE TECHNOLOGIES, INC. AGAINST CUBIST PHARMACEUTICALS, INC.

**AND FURTHER ANSWERING**, the defendant, KBACE Technologies, Inc., states that it has a counterclaim arising out of the same transactions and/or occurrences that are the subject of the Complaint of Cubist Pharmaceuticals, Inc. and which does not require for its adjudication the presence of third parties over whom the Court cannot acquire jurisdiction as follows:

### COUNTERCLAIM

1. The plaintiff-in-counterclaim is KBACE Technologies, Inc., ("KBACE") a corporation duly organized under the laws of the State of Nevada with a principal place of business at 6 Trafalgar Square, Nashua, New, Hampshire.

2.  The defendant-in-counterclaim Cubist Pharmaceuticals, Inc., ("Cubist") is upon information and belief a corporation organized under the laws of the State of Delaware with a principal place of business at 65 Hayden Avenue, Lexington, Massachusetts.

3.  As plaintiff in this action, Cubist brought this action seeking to recover damages from KBACE for, inter alia, alleged: 1) breaches by KBACE of a contract between KBACE and Cubist; 2) unjust enrichment; 3) negligent misrepresentation; and 4) violation of Mass. Gen. Law c. 93A.

4.  A true copy of contract documents between KBACE and Cubist entitled Master Agreement, Statement of Work No. 1 and Statement of Work No. 2 (hereafter "the Contract") are attached hereto as Exhibits 1, 2 and 3 respectively.

5.  KBACE performed all work that was required of it under the Contract.

6.  Cubist willfully failed to perform its obligations under the Contract so as to make it possible for KBACE to effectively perform its work thereunder.

7.  KBACE informed Cubist on several occasions that certain steps needed to be taken by Cubist, including, but not limited to the installation of an upgrade to the program at issue in this action entitled "Patch Set "G", in order for KBACE to be able to effectively perform KBACE's work under the Contract.

8. Cubist unreasonably failed and refused to take the steps recommended by Cubist, as alleged in Paragraph 7, above, thereby impeding and/or preventing KBACE from performing effectively its work under the Contract.

9. Upon information and belief, certain management level employees of Cubist intentionally interfered with and prevented Cubist from taking, in a timely fashion, the steps recommended by KBACE as alleged in Paragraph 7, above, thereby unfairly, unreasonably and unjustifiably increasing the cost to KBACE of its work under the contract and unfairly, unreasonably and unjustifiably interfering with KBACE's ability to effectively perform its work under the Contract.

10. Cubist, by its unreasonable failure and refusal to perform its obligations under the Contract breached the Contract causing damage to KBACE in the form of increased costs, expenses and in impeding and/or preventing KBACE from being able effectively to perform its work under the Contract.

11. The conduct of Cubist as alleged above constituted a breach by Cubist of its implied covenant of good faith and fair dealing inherent in the Contract with KBACE.

12. The conduct of Cubist as alleged above constituted unfair and deceptive acts or practices in trade or commerce within the meaning of M.G.L. c. 93A §2.

13. The conduct of Cubist as alleged above was willful and in knowing violation of the provisions of M.G.L. c. 93A §2.

14. Cubist has failed to pay KBACE amounts due to KBACE for work performed under the Contract.

15. KBACE substantially performed the work required of it under the Contract and Cubist has failed to pay KBACE for the work performed, thereby resulting in unjust enrichment to Cubist.

## COUNT I (Breach of Contract)

16. KBACE repeats and incorporates herein by reference the allegations contained in Paragraphs 1-15, above.

17. As a result of Cubist's breach of its contractual obligations, express and implied, with KBACE, KBACE has suffered actual damages.

**WHEREFORE**, Defendant/Plaintiff-in-Counterclaim, KBACE Technologies, Inc., demands judgment against Cubist for the actual damages sustained by KBACE as a result of Cubist's breach of contract, as aforesaid, plus costs, interest and attorney's fees.

## COUNT II (Breach of Implied Covenant of Good Faith and Fair Dealing)

18. KBACE repeats and incorporates herein by reference the allegations contained in

Paragraphs 1-17, above.

19. As a result of Cubist's breach of its covenant of good faith and fair dealing, as aforesaid, KBACE has suffered actual damages.

**WHEREFORE,** Defendant/Plaintiff-in-Counterclaim, KBACE Technologies, Inc., demands judgment against Cubist for the actual damages sustained by KBACE as a result of Cubist's breach of its implied covenant of good faith and fair dealing, plus costs, interest and attorney's fees.

### COUNT III (Violation of M.G.L. c. 93A)

20. KBACE repeats and incorporates herein by reference the allegations contained in Paragraphs 1-19, above.

21. As a result of KBACE's unfair or deceptive acts or practices, as aforesaid, KBACE has suffered the loss of money or property and other actual damages.

**WHEREFORE,** Defendant/Plaintiff-in-Counterclaim, KBACE Technologies, Inc., demands judgment against Cubist for the actual damages sustained by KBACE as a result of Cubist's breach of its implied covenant of good faith and fair dealing, plus costs, interest and attorney's fees. Furthermore, for its willful violations of the provision of M.G.L. c. 93A §2, Defendant/Plaintiff-in-Counterclaim, KBACE Technologies, Inc., demands judgment against Cubist for double or treble its actual damages, plus all appropriate costs, interest and attorney's fees.

THE DEFENDANT DEMANDS A TRIAL BY JURY AS TO ALL ISSUES RAISED BY THE COMPLAINT THAT ARE SO TRIABLE.

DEFENDANT/PLAINTIFF-IN-COUNTERCLAIM DEMANDS A TRIAL BY JURY AS TO ALL ISSUES RAISED BY THE COUNTERCLAIMS IN THIS ACTION THAT ARE SO TRIABLE.

KBACE Technologies, Inc.
By its Attorney,

_____
Richard J. Riley, BBO#420610
MURPHY & RILEY, P.C.
141 Tremont Street
Boston, MA 02111
(617) 423-3700

DATED: JULY 16, 2004

**CERTIFICATE OF SERVICE**

I Hereby Certify That On This Day A True Copy Of The Within Document Was Served Upon The Attorney Of Record For Each Party By Mail/Hand
Dated: 7/16/04