SCANNED
DATE: 2-25-05
BY: CMK

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED CLERKS OFFICE
2005 FEB 24 P 2:02
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| CUBIST PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KBACE TECHNOLOGY, INC. <br><br> Defendant. | Civil Action No. 04-11313 RCL |

## PROTECTIVE ORDER

Plaintiff, Cubist Pharmaceuticals, Inc. ("Cubist"), and defendant, KBACE Technology, Inc. ("KBACE"), through their respective counsel, stipulate and agree, pending further order of the Court, that the following procedures designed to assure the protection of confidential information not already in public domain shall govern any discovery, including discovery from non-parties, in this action.

1.  Any signatory hereto, and any nonparty responding to a request for documents or information, whether by subpoena or otherwise, may designate as "Confidential" any document produced in this action (whether pursuant to a formal discovery request or otherwise), any document marked as an exhibit at any deposition taken in this action, the transcript of any deposition (or portions thereof) taken in this action, or any information given by interrogatory answer. Such documents, information and transcripts so designated are hereinafter referred to as "Confidential Information."

2.  With respect to any document to be produced or interrogatory answer given, any designation of confidentiality shall be made prior to the date on which the document is produced or answer given by placing upon it a legend stating "Confidential." With respect to any

DOCKETED

proposed documents

21

deposition exhibit or transcript (or portions thereof) a confidential designation shall be made on the record at the deposition or within thirty (30) days of receipt of the deposition transcript or thirty (30) days from the date of this Order, whichever is later, and the transcript (or portions thereof) of such deposition shall be so marked.

3. Subject to paragraphs 4 and 5 below, Confidential Information designated "Confidential" may be shown, or its contents disclosed, to the following persons and the following persons only:

    (a) the parties to this case;

    (b) counsel of record, general counsel and office personnel employed and assisting them in this case;

    (c) witnesses testifying in this action either in discovery or at trial;

    (d) any expert, investigator or consultant retained by counsel in connection with this case;

    (e) the Court before which this case is pending; and

    (f) any court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this case.

4. Confidential Information, or any information derived therefrom, shall be used or disclosed solely for the purpose of assisting counsel of record in connection with this litigation and not for other litigation, competitive, business or any other purpose whatsoever.

5. Counsel agree to make all reasonable efforts to ensure compliance with this Protective Order. Any person referred to in paragraph 3(c) or 3(d) to whom any Confidential Information, or the contents thereof, is disclosed shall first execute a Declaration in the form attached hereto as Exhibit "A." Any Declaration executed pursuant to this paragraph 5 shall be retained by counsel and need not be disclosed to opposing counsel except pursuant to further order of the Court.

6.   This Order is intended to protect information as to which there is no obligation owed other than confidentiality. Any signatory hereto shall have the right to object to any disclosure of information or production of any document it deems to be Confidential Information subject to this Order on any other ground it may deem appropriate pursuant to the Rules of Civil Procedure.

7.   Any signatory hereto may seek relief from, or modification of, this Order or challenge the designation of documents, information or transcripts as "Confidential."

8.   If any Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall upon discovery of the disclosure immediately inform the party or person who designated the disclosed information of all facts pertinent thereto which, after due diligence and prompt investigation, are known to the party responsible for the disclosure, including the name, address and employer of the person to whom the disclosure was made, and shall make reasonable efforts to prevent disclosure by each unauthorized person who receives such information.

9.   Upon the final determination of this action, unless otherwise agreed to in writing by opposing counsel, each party shall either: (1) assemble and return all Confidential Information within their control or the control of those to whom they distributed any such information, including all copies thereof, to the designating party, or (2) certify in writing that all Confidential Information within their control or the control of those to whom they distributed any such information has been destroyed. Notwithstanding the foregoing, the parties may retain all pleadings, briefs and other documents containing their work product which refer to or incorporate Confidential Information and will continue to be bound by the terms of this Order with respect to any such information.

10. Filing with the Court of any document or information that is subject to this protective order shall be considered a disclosure unless the document or information is filed pursuant to LR 7.2 after granting of a motion for impoundment.

11. Per LR 7.2, a motion for impoundment must be presented each time a document or group of documents is to be filed.

STIPULATED AND AGREED TO:

Plaintiff,
CUBIST PHARMACEUTICALS, INC.
By Its Attorneys,

Christine K. Bush, Esq. (BBO#635381)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700
(401) 455-0701 (Facsimile)

Defendant,
KBACE TECHNOLOGY, INC.
By Its Attorneys,

Richard J. Riley, Esq. (BBO #420610)
William P. Mekrut, Esq. (BBO # 654350)
MURPHY & RILEY, P.C.
141 Tremont Street
Boston, MA 02111
(617) 423-3700
(617) 423-1010 (Facsimile)

Dated: February 22, 2005

Dated: Feb. 18, 2005

ENTERED AS AN ORDER of this Court this _____ day of March, 2005.

ORDER:
_____

ENTERED:

4

## EXHIBIT A

## AGREEMENT CONCERNING PROTECTED MATERIAL COVERED BY PROTECTIVE ORDER

The undersigned hereby acknowledges that (s)he has read the "Protective Order" entered by the United States District Court for the District of Massachusetts, in the above-captioned action on _____, 2005, understands the terms thereof and agrees:

1. that (s)he shall fully abide by the terms thereof;

2. that (s)he shall not disclose Confidential Information to, or discuss Confidential Information with, any person who is not authorized pursuant to the terms of the Protective Order to receipt and disclosure of the same, and who has not signed an agreement as therein provided;

3. that (s)he shall not use said Confidential Information for any purpose other than the prosecution or defense of this litigation; and

4. that (s)he will be subject to the jurisdiction of the United States District Court for the District of Massachusetts for the purposes of compliance with, and sanction for noncompliance with, the terms of said Protective Order.

The undersigned has reviewed the following Protected Information:

_____
_____
_____
_____
_____

_____

_____

          Signature: _____

          Name: _____

          Employer: _____

          Title: _____

Subscribed and sworn to before me in the said County of _____,

State of _____, this _____ day of _____, 2005.

          _____

          Notary Public

          My Commission Expires: _____

H:\clients\Cubist/KBACE/Pleadings\Protective order.doc